406        SUPREME COURT OF INDIANA.

The State.ex rel. Mahoney *v.* Ritter et al.

THE STATE *ex rel.* MAHONEY *v.* RITTER *et al.*

EXECUTORS AND ADMINISTRATORS.—Where an administrator sues for the recovery of the possession of property of the estate, he shall not be liable for the costs of suit; but if, in such suit, the judgment for costs is a personal judgment against him, and fails to order that the costs shall be paid by him out of the assets of the estate, the same are collectable of him individually, although the judgment against him for costs was clearly erroneous. It was binding until properly corrected.

ACTION—CLERK.—And in such case, if the Clerk of the Court, by which such judgment is rendered, upon proper demand and tender of his fees therefor, fails or refuses to issue an execution on such judgment to be collected of the individual property of said administrator, he and his sureties will be liable to an action therefor upon his official bond.

APPEAL from the *Hendricks* Common Pleas.

DAVISON, J.—This was an action by the State on the relation of *James Mahoney,* against *Ritter,* the clerk of the *Hendricks* Circuit Court, and his sureties on his official bond. The bond is in the penalty of 10,000 dollars, and was conditioned in the usual form, for the faithful discharge of his duties as clerk, &c.

For breach the complaint alleges, that at the *August* term, 1858, the relator recovered a judgment in the *Hendricks* Common Pleas, against one *Abraham Bland,* for 1 cent in damages, together with 57 dollars and 4 cents, his costs, &c.; a copy of the record of said judgment was filed with the complaint, and is in this form:

"*Abraham Bland,* administrator of *Lucinda Clifford,* v. *James Mahoney,* replevin No. 47. Come the parties and the plaintiff dismisses this suit. It is therefore ordered by the Court that said plaintiff deliver up to said defendant the mare in the complaint mentioned, and the Court assess the damages of the defendant at 1 cent, and it is further considered by the Court that the defendant recover of the plaintiff

1 cent, the damages so assessed by the Court as aforesaid, and also 57 dollars and 4 cents, his costs and charges herein laid out and expended."

It is averred that said judgment is in full force, &c., and that the relator afterward, on the 22d of *July*, 1862, demanded and requested the defendant, *Levi Ritter*, in writing, he still being clerk, &c., to issue an execution on said judgment, against the goods and chattels, lands and tenements of said *Abraham Bland*, directed to the sheriff, &c., commanding him to make the aforesaid judgment and cost out of the property of said *Bland*, &c., and that the relator then and there tendered to said clerk 55 cents, his fees for such execution; but the said *Levi*, so being clerk as aforesaid, wholly disregarding his duties, &c., refused to issue such execution, and still refuses to do so, wherefore, &c.

Defendants demurred to the complaint. The demurrer was sustained, and the plaintiff excepted, &c. Final judgment was rendered, &c.

Were these rulings correct? The appellee insists that the judgment against *Bland*, though not as full as it should be, is not against him personally, but as administrator; that as administrator, he was not individually liable for costs, and the clerk had therefore a right to refuse the execution. We are not inclined to adopt that conclusion. It is true, the statute says an administrator, when he sues for the recovery of the possession of property of the estate, shall not be liable for costs of suit. 2 R. S. p. 283, sec. 151. But the judgment set out in the complaint, is very plainly against *Bland*, individually, and having been so rendered by the Court, it was not for the clerk to adjudge it either erroneous or invalid. If, as insisted, *Bland* really did prosecute the suit against *Mahoney*, as administrator, the judgment against him for costs, was clearly erroneous, still it must be held effective until corrected on motion in the Court in which it was rendered,

or on review, or on appeal, but neither of these modes of correction having been adopted, it was evidently the duty of the clerk, upon demand, as alleged in the complaint, to issue the execution, and having failed to do so he is liable on his official bond.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*Nave & Witherow,* for the appellant.

*P. S. Kennedy* and *John S. Dye,* for the appellees.